IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| DANIEL HUNTER FLANSBURG, | Cause No. CV 26-259-GF-DWM |
| Petitioner, | |
| vs. | ORDER |
| WARDEN JIM SALMONSEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

Petitioner Daniel Hunter Flansburg ("Flansburg"), a state pro se prisoner, filed a petition for a writ of habeas corpus under 28 U.S.C. § 2254.  (Doc. 1).

The Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a).  The Court must dismiss a habeas petition or portion thereof if the prisoner raises claims that are legally frivolous or fails to state a basis upon which relief may be granted. 28 U.S.C. § 1915A(b)(1), (2).  The Court must dismiss a habeas petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief." *See*, Rule 4, Rules Governing Section 2254 Cases in the United States District Courts.  As explained below, because Flansburg's petition is unexhausted, it will be dismissed without prejudice.

1

**Background/Flansburg's Claims**

Flansburg challenges a sentence imposed in Montana's Eighth Judicial District, Cascade County. *See*, (Doc. 1 at 1-2). According to Flansburg, he received a 10-year prison sentence in April of 2022; the sentence was ordered to run consecutively to a Yellowstone County sentence he was already serving. (*Id.* at 2, 4). Flansburg contends that he is due additional credit for time served prior to his sentencing in the Cascade County matter. (*Id.* at 4.) He also alleges that he was incorrectly advised about the imposition of a Persistent Felony Offender designation/enhancement and that the faulty advice impacted his decision to enter into a plea agreement. (*Id.* at 5.)

Flansburg asks this Court to grant him an additional 500 days credit for time served against his present sentence. He also requests that he be allowed to withdraw his guilty plea in the Cascade County matter and proceed to trial. (*Id.* at 7.)

**Analysis**

To the extent that Flansburg's present claims are cognizable under 28 U.S.C. § 2254, the claims are unexhausted. A federal court may entertain a petition for habeas relief only if the petitioner has exhausted his state court remedies before petitioning for a writ in federal court. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). Federal courts may not grant a writ of habeas corpus brought by an individual in

2

custody pursuant to a state court judgment unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. §2254(b)(1)(A). "The exhaustion-of-state-remedies doctrine, now codified at 28 U.S.C. §§ 2254(b) and (c), reflects a policy of federal-state comity, an accommodation of our federal system designed to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Picard v. Connor*, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted).

To meet the exhaustion requirement, a petitioner must (1) use the "remedies available," § 2254(b)(1)(A) through the state's established procedures for appellate review, *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999), (2) describe "the federal legal theory on which his claim is based," *Davis v. Silva*, 511 F.3d 1005, 1009 (9th Cir. 2008), and (3) describe "the operative facts . . . necessary to give application to the constitutional principle upon which the petitioner relies." *Id.. see also Gray v. Netherland*, 518 U.S. 152, 162-63 (1996). A petitioner must meet all three prongs of the test in one proceeding. "Mere 'general appeals to broad constitutional principles, such as due process, equal protection, and the right to a fair trial,' do not establish exhaustion." *Castillo v. McFadden*, 399 F. 3d 993, 999, cert. denied, 546 U.S. 818 (2005).

In his filing, Flansburg acknowledges that he has an active appeal from the denial of his postconviction petition pending before the Montana Supreme Court.

(Doc. 1 at 6). A review of the Montana Supreme Court's docket reveals that Flansburg filed a notice of appeal in March of this year and that the district court record was recently filed with the Montana Supreme Court.[1] *See, Tigueros v. Adams*, 658 F. 3d 983, 987 (9th Cir. 2011)(court may take judicial notice of proceedings in other courts, within and without the federal judicial system, if those proceedings have a direct relation to the matters at issue). Based upon the exhibits attached to Flansburg's petition, it appears that the claims advanced in his postconviction petition and appeal therefrom are similar to the claims presented in his federal petition. *See generally*, (Doc. 1-1.)

Relative to the present matter, the Montana Supreme Court has not yet considered the claims Flansburg attempts to advance. To the extent Flansburg has cognizable federal claims under 28 U.S.C. §2254, he must first present these same claims to the state courts, including the Montana Supreme Court, in a procedurally appropriate manner and give them one full opportunity to review his federal constitutional claims. *O'Sullivan*, 526 U.S. at 845. Because Flansburg has not yet completely exhausted his available state court remedies, this Court cannot review the claims. *See, Rose v. Lundy*, 455 U.S. 509 (1982). Flansburg may return to this Court if and when he fully exhausts his claims.

---

[1] *See*, Montana Supreme Court website: https://supremecourtdocket.mt.gov/case-info/active/ (accessed May 5, 2026).

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Flansburg has not yet made a substantial showing that he was deprived of a federal constitutional right. Further, because his petition is unexhausted, reasonable jurists would not find the procedural ruling debatable. There are no close questions and there is no reason to encourage further proceedings in this Court. A certificate of appealability will be denied.

Based on the foregoing, the Court enters the following:

## ORDER

1. Flansburg's Petition (Doc. 1) is DISMISSED without prejudice.

2. The Clerk of Court is directed to enter a judgment of dismissal.

3. A certificate of appealability is DENIED.

DATED this 7ᵗʰ day of May, 2026.

_____
Donald W. Molloy, District Judge
United States District Court

6